UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED REEVES,

       Plaintiff,                                      Hon. Richard Alan Enslen

v.                                                  Case No. 4:04 CV 135

THOMAS TKACH, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants McCoy's and Barber's Rule 56(b) Motion for Summary Judgment. (Dkt. #18). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that Defendants' motion be **granted** and Plaintiff's action be **dismissed**.

**BACKGROUND**

Plaintiff has a demonstrated history of abusing the legal process. *See, e.g., Reeves v. Smith, et al.*, Opinion, 4:03-cv-50 (W.D. Mich., Mar. 31, 2004). In response to Plaintiff's abusive legal tactics, the Honorable Robert Holmes Bell, Chief Judge, issued an injunction against Plaintiff on March 31, 2004, which provides as follows:

> IT IS FURTHER ORDERED that an injunction is issued against plaintiff with regard to all future lawsuits filed in this court (or initially filed in the United States District Court for the Eastern District of Michigan and transferred to this court) requiring plaintiff, upon pain of dismissal: (1) to utilize the court-approved form for prisoner civil rights complaints and complete all sections of that form; (2) to limit any supplement to the complaint form to no more than three single-sided sheets of paper

>containing legibly written factual allegations; (3) to limit his complaint to claims arising out of a common nucleus of fact; (4) to attach to his complaint only those exhibits necessary to demonstrate exhaustion of the claims asserted in the complaint against each named defendant and not exhibits relating to the merits of the claim; and (5) to preclude plaintiff from supplementing or amending his complaint in any future case without having first obtained leave of court, with a brief in support of any application for leave to amend showing that each proposed claim is exhausted as to each defendant and detailing how the proposed amendment arises out of the same nucleus of fact, why leave should be granted to add claims and/or parties, and plaintiff must attach to his brief a copy of the proposed amended complaint.

*Reeves v. Smith, et al.*, Judgment and Injunction, 4:03-cv-50 (W.D. Mich., Mar. 31, 2004).

On February 11, 2004, Plaintiff refused to exit his cell for a mandatory search and cell shakedown. (McCoy Affidavit at ¶ 3). In response to Plaintiff's refusal, the emergency response team was assembled to remove Plaintiff from his cell. (McCoy Affidavit at ¶ 4). Once the emergency response team assembled in front of his cell, Plaintiff agreed to exit his cell without resort to the use of force and proceed to the showers to be searched. (McCoy Affidavit at ¶¶ 5-6).

Plaintiff alleges that while being escorted to and from the showers by the emergency response team, Defendants Tkach and Barber "were both twisting and bending [his] hands and wrist causing severe nerve damage." (Dkt. #1). According to Plaintiff, Defendant McCoy ignored his requests for assistance. Plaintiff further claims that Defendants Tkach and Barber informed Plaintiff that if he "did not drop the lawsuit [he] had pending on them," they would kill him. *Id.*

Plaintiff initiated the present action on October 22, 2004, against Defendants Tkach, Barber, and McCoy. On November 5, 2004, the Honorable Richard Alan Enslen directed that Plaintiff's complaint be served on all three Defendants. (Dkt. #4). On February 22, 2005, Defendants Barber and McCoy filed the present motion for summary judgment. As detailed below, the Court recommends that

Defendants' motion be granted. The Court further recommends that Plaintiff's claims against Defendant Tkach, who has not yet been served, be dismissed without prejudice for failure to timely effect service.

**STANDARD**

In reviewing a motion for summary judgment, the Court must confine itself to the narrow questions of whether there exist "no genuine issue[s] as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a Rule 56 motion, the Court cannot try issues of fact, but is empowered to determine only whether there exist issues in dispute to be decided in a trial on the merits. *See Perez v. Aetna Insurance Co.*, 96 F.3d 813, 819 (6th Cir. 1996); *Aiken v. The City of Memphis*, 37 F.3d 1155, 1161 (6th Cir. 1994). The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also*, *Terry Barr Sales Agency v. All-Lock Co. Inc.*, 96 F.3d 174, 178 (6th Cir. 1996) (citing *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989)).

A motion for summary judgment requires the Court to view "inferences to be drawn from the underlying facts...in the light most favorable to the party opposing the motion." *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also*, *Terry Barr Sales Agency*, 96 F.3d at 178; *Schaffer v. A.O. Smith Harvestore Products, Inc.*, 74 F.3d 722, 727 (6th Cir. 1996). The opponent, however, has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" *Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985, 993 (6th Cir. 1989) (quoting *Matsushita Electric Ind. Co.*, 475 U.S. at 587); *see also*, *Schaffer*, 74 F.3d at 727.

As the Sixth Circuit has recognized, Supreme Court decisions have encouraged the granting of summary judgments, as such may be "an appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Kutrom v. City of Center Line*, 979 F.2d 1171, 1173 (6th Cir. 1992). Consistent with this concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient." *Anderson*, 477 U.S. at 252; *see also Bailey v. Floyd Board of Education*, 106 F.3d 135, 140 (6th Cir. 1997). Furthermore, mere allegations do not suffice. *See Cloverdale Equip. Co. v. Simon Aerials, Inc*., 869 F.2d 934, 937 (6th Cir. 1989) ("the party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact").

## ANALYSIS

**I.        Plaintiff has Properly Exhausted his Claims**

As noted above, the events giving rise to this action allegedly occurred on February 11, 2004. Plaintiff, however, did not file a grievance regarding this alleged incident until March 8, 2004. Alleging staff corruption, Plaintiff filed his grievance directly to Step III.[1] Plaintiff's grievance was rejected as untimely. Defendants assert that because Plaintiff failed to timely submit his grievance, the present action must be dismissed for failure to exhaust all available administrative remedies.

In *Thomas v. Woolum*, 337 F.3d 720 (6th Cir. 2003), the Sixth Circuit held that while the Prison Litigation Reform Act (PLRA) requires that prisoners exhaust all available administrative

---

[1] Pursuant to MDOC policy, allegations of staff corruption may be grieved directly to Step III. *See* Mich. Dep't of Corr., Policy Directive 03.02.130.

remedies before initiating litigation in federal court, it does not require that prisoners exhaust such administrative remedies in a timely manner. Specifically, the court stated that

> That prison officials did not wish to address his complaint, as they prefer only to address complaints brought before them within thirty days, is irrelevant for our purposes. Thomas gave the state officers an opportunity, which is all that is required. We may not penalize Thomas simply because the prison does not wish to hear grievances more than thirty days after the incident. *See Oscar Meyer*, 441 U.S. at 761, 99 S.Ct. 2066. We therefore hold that a prisoner who has presented his or her grievance through one complete round of the prison process has exhausted the available administrative remedies under 42 U.S.C. § 1997e(a), regardless of whether the prisoner complied with the grievance system's procedural requirements.

*Thomas*, 337 F.3d at 733.

Defendants acknowledge that *Thomas* is controlling in this matter, but nonetheless ask this Court to rule otherwise. In support of their position, Defendants rely on the dissenting opinion in *Thomas*, as well as a pair of unpublished decisions by the Sixth Circuit.

The Court understands that Plaintiff's repeated failure to file his grievances in a timely manner makes it more difficult for prison authorities to address his allegations in the first instance - the very purpose underlying the exhaustion requirement. It must be recognized, however, that the practical effect of Defendants' argument is to transform the MDOC regulations regarding the timeliness of grievances into a claim-defeating statute of limitations.

While the Court is not unsympathetic to Defendants' concerns, it cannot recommend such a result in the absence of controlling authority expressly requiring such. Defendants have identified no such authority. Therefore, the Court rejects Defendants' invitation to elevate MDOC policy to the status of claim-defeating statute of limitations. Accordingly, the Court concludes that Plaintiff has properly exhausted his claims in this matter.

**II.         Defendants' Motions for Summary Judgment**

In support of their motions for summary judgment, Defendants Barber and McCoy have submitted a significant amount of evidence. Defendants have each executed affidavits refuting Plaintiff's allegations and describing the actions by Plaintiff which necessitated use of the emergency response team. (Dkt. #22).

Defendants have submitted a videotape of the encounter at issue, the contents of which contradicts Plaintiff's allegations. (Dkt. #19, Exhibit 3C). Specifically, the videotape contains no evidence that Plaintiff was in any way mistreated or manhandled. The videotape does, however, capture Plaintiff yelling countless obscenities and threatening to assault several prison guards. *Id.*

Defendants have also submitted copies of Plaintiff's medical records contemporaneous to the events alleged by Plaintiff. (Dkt. #19, Exhibit 1). Plaintiff has not disputed the accuracy or completeness of the records submitted by Defendants. Plaintiff's medical records contradict the allegations in Plaintiff's complaint. On February 13, 2004, Plaintiff was examined by a nurse. (Dkt. #19, Exhibit 1 at 2). Plaintiff reported that his "thumb was swollen, [but] it's better now." On examination, Plaintiff exhibited full range of motion in his shoulders and hands. He was able to "touch digit to digit." The nurse observed no evidence of deformity or edema. Plaintiff was prescribed an over-the-counter analgesic and instructed not to participate in "strenuous activity." *Id.* Subsequent examinations revealed no evidence supporting Plaintiff's allegations. (Dkt. #19, Exhibit 1 at 3-16).

In response to the evidence submitted by Defendants, Plaintiff has submitted absolutely no evidence supporting his claims. Plaintiff instead asserts that April 12, 2004 treatment notes support

his claims. An April 12, 2004 examination revealed that Plaintiff was experiencing paresthesias.[2] (Dkt. #19, Exhibit 1 at 11). Plaintiff claims that this entry demonstrates that Defendants assaulted him. However, the doctor reported that Plaintiff's paresthesia was not caused by an assault, but was instead the result of "overuse." *Id.* Thus, this evidence fails to support Plaintiff's allegations.

In sum, Plaintiff has failed to submit any evidence in response to Defendants' well-supported motion for summary judgment, choosing instead to rely on unsubstantiated allegations. As previously noted, such is insufficient to defeat a motion for summary judgment. Accordingly, the Court recommends that Defendants' motions for summary judgment be granted.

### III.       Plaintiff's Remaining Claims Against Defendants Tkack and Gilman

Plaintiff initiated the present action on October 22, 2004. On November 5, 2004, the Court directed that Plaintiff's complaint be served on Defendants. Summonses were issued on November 19, 2004. Service was effected on Defendant Barber on December 6, 2004. Service was effected on Defendant McCoy on December 15, 2004. The attempt to serve Defendant Tkach, however, was unsuccessful. The summons for Defendant Tkach was returned unexecuted to the United States Marshal on February 23, 2005. Defendant Tkach has still not been served and Plaintiff has never requested the Court's assistance in effecting service on this Defendant.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant

---

[2] Paresthesia refers to an abnormal sensation of tingling, burning, crawling, or tickling. *Schmidt's Attorneys' Dictionary of Medicine* P-81 (Matthew Bender) (2001).

within 120 days after the filing of the complaint, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." If the plaintiff demonstrates good cause for such failure, however, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also*, *Bush v. City of Zeeland*, 2003 WL 22097837 at *2 (6th Cir., Sep. 5, 2003) (citation omitted).

Considering Plaintiff's lack of diligence in this matter, as well as the lack of merit in the claims asserted, the Court recommends that Plaintiff's claims against Defendant Tkach be dismissed without prejudice for failure to timely effect service.

## CONCLUSION

For the reasons articulated herein, the Court recommends that <u>Defendants McCoy's and Barber's Rule 56(b) Motion for Summary Judgment</u>, (dkt. #18), be **granted**. The Court further recommends that Plaintiff's claims against Defendant Tkach be **dismissed** for Plaintiff's failure to timely effect service and that Plaintiff's action, therefore, be **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 14, 2005                             /s/ Ellen S. Carmody
                                                ELLEN S. CARMODY
                                                United States Magistrate Judge