UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED REEVES,

   Plaintiff,

v.

THOMAS TKACH, *et al.*,

   Defendants.
_____/

Case No. 4:04-cv-135

Hon. Richard Alan Enslen

**JUDGMENT**

  This matter is before the Court on Plaintiff Fred Reeves' Objections to United States Magistrate Ellen S. Carmody's Report and Recommendation of July 14, 2005 ("Report"), which recommended a grant of Defendants McCoy and Barber's Motion for Summary Judgment, and dismissal of Plaintiff's Complaint against Defendant Tkach for failure to timely effect service. This Court now reviews the Report, Defendant's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

  Defendants McCoy and Barber's Motion for Summary Judgment is brought pursuant to Federal Rule of Civil Procedure 56. Under Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the movants specify a basis for summary judgment, the respondent has the burden of coming forward with specific evidence meeting the standards of Federal Rule of Civil Procedure 56(e) upon which a reasonable jury could find there to be a genuine factual issue for trial. *Anderson v. Liberty Lobby*,

477 U.S. 242, 248 (1986). Failure to do so results in the grant of summary judgment for the movants. *Celotex Corp.*, 477 U.S. at 323.

Plaintiff asserts two objections to the Report. Plaintiff's first objection maintains that summary judgment should not issue for Defendants McCoy and Barber because a material issue of fact is present as to whether he was mishandled during a routine search of his cell. Because Plaintiff would not exit his cell to allow the search, a Michigan Department of Corrections ("MDOC") emergency response was dispatched to remove him. Specifically, Plaintiff contends in his Objection that the videotape of the MDOC escort from his cell to the shower, and on the return trip, clearly shows evidence of an assault [sic].[1] The Court has reviewed the videotape and finds no evidence that Plaintiff was subjected to any physical contact beyond what was necessary to escort him to the shower. Plaintiff also claims that on the videotape, MDOC officers can clearly be heard "calling Plaintiff nigger." (Pl.'s Objs. at 4). Nowhere audile on the videotape was there any such epithet. Plaintiff further contends that MDOC medical records support his claim. The medical records do indicate Plaintiff received treatment, though no facts suggest that this was a result of Defendants McCoy or Barber's conduct beyond Plaintiff's own unsupported assertions. Contrary to Plaintiff's suggestion, an April 12, 2004 examination indicated Plaintiff was suffering from paresthesia[2] as result of overuse—not a physical attack.

---

[1]Plaintiff's account, if proven, would more likely satisfy the elements of common law battery rather than assault. *See VanVorous v. Burmeister*, 262 Mich. App. 467, 482-83, 687 N.W.2d 132,142 (2004) (citing *Espinoza v. Thomas*, 189 Mich. App. 110, 119, 472 N.W.2d 16 (1991)) (other citations omitted).

[2]Paresthesia refers to an abnormal sensation of tingling, crawling, or tickling. SCMIDT'S ATTORNEYS' DICTIONARY OF MEDICINE 81 (2001).

While this Court is ill equipped to diagnose Plaintiff's injuries or divine their authenticity, what is clear is that Plaintiff has done no more than submit conclusory allegations and bare assertions of fact that cannot be supported by the record. For the reasons stated in the Report, summary judgment must be granted for Defendants McCoy and Barber.

As to Plaintiff's second objection, under Federal Rule of Civil Procedure 4, subparts (c) and (m), the focus turns to whether Plaintiff effected service upon Defendant Tkach within 120 days after filing his Complaint, and if not, whether good cause exists to excuse such a failure.

The Court recognizes that Plaintiff is incarcerated and must use the assistance of the United States Marshall Service to effect service upon Defendant Tkach. However, this does not relieve Plaintiff of his obligation to assure service. As early as February 23, 2005, (*see* Dkt. No. 21), Plaintiff was aware that Defendant Tkach had not been served and yet he took no action to extend the service date. Plaintiff is well beyond the allotted period to effect service on Defendant Tkach, and no good cause exists to excuse such failings, particularly—in light of Defendants McCoy and Barber's grant of summary judgment—when considering the lack of merit of the claims asserted. Thus, for the reasons stated in the Report, Plaintiff's Complaint against Defendant Tkach must be dismissed without prejudice.

Furthermore, for these reasons and because this action was filed *in forma pauperis*, this Court must certify pursuant to 28 U.S.C. § 1915(a) that an appeal of this Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Fred Reeves' Objection (Dkt. No. 27) is **DENIED**, the Report and Recommendation (Dkt. No. 26) is **ADOPTED**, Defendants McCoy and Barber's Motion for Dismissal and Summary Judgment (Dkt. No 18) is **GRANTED**,

Plaintiff's Complaint against Defendant Tkach (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**, and the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.

Dated in Kalamazoo, MI:         /s/Richard Alan Enslen
September 12, 2005              Richard Alan Enslen
                                Senior United States District Judge